IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY ROBINSON, on behalf of himself
and all others similarly situated,

             Plaintiff,

v.                                     Case No. 12-2200-JTM

SCOTT A. TUCKER,

             Defendant.

MEMORANDUM AND ORDER

The following matter comes to the court on defendant Scott Tucker's Motion to Dismiss the Complaint and Motion to Take Judicial Notice (Dkt. 10). For the following reasons, the court grants the Motion.

## I. Factual Background

This is a putative class action filed by plaintiff Larry Robinson, individually and on behalf of others similarly situated, alleging that Tucker engaged in an illegal and usurious loan scheme that violates state and federal law. Larry Robinson, a resident of Missouri, obtained a payday loan of $300 through the website www.unitedcashloans.com on or about September 24, 2010. The loan required Robinson to repay $390 on October 15, 2010, at an annual interest rate of 608.33%.

Robinson alleges that Tucker is responsible for the loan through an alter ego theory. The website through which Robinson received his loans claims that "United Cash Loans" is a fictitious name of MNE Services, Inc. ("MNE"), which claims to be

wholly owned by the Miami Tribe of Oklahoma. However, Robinson claims that United Cash Loans is actually owned, operated, and controlled by defendant Tucker, rather than MNE or the Miami Tribe of Oklahoma. He claims that Tucker has employed a "rent-a-tribe" scheme where he pays a small sum of his profits to the Miami Tribe of Oklahoma, and in return, the Tribe "rents" its sovereign immunity to Tucker.

Robinson has brought the following claims against Tucker: (1) Usury under Missouri and Kansas state law; (2) Violation of the Missouri Merchandising Practices Act, § 407.020 RSMo. and/or the Kansas Consumer Protection Act, K.S.A. § 50-634; and (3) Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 19 U.S.C. § 1961 *et seq.*


## II. Article III Standing and Subject Matter Jurisdiction

In his Motion to Dismiss, Tucker argues that Robinson lacks Article III standing for his complaint because he has not pled an injury-in-fact. Tucker asks the court to dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

### A. Legal Standard

Federal courts have limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castandeda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Scheideman v. Shawnee Cnty. Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper.

*Id.* When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson Cnty. Youth Baseball League*, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993).

This court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)).

A federal district court "shall also have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a) (2012). However, the district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. § 1367(c)(3); *see also Pierce v. Gilchrist*, 167 Fed. Appx. 37, 39 (10th Cir. 2006) (affirming the district court's decision to decline supplemental jurisdiction over state indemnification application after parties stipulated to dismissal of the § 1983 claims).

The core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The party invoking federal jurisdiction bears the burden of establishing standing. *Id.* at 561. The first requirement of standing is that the plaintiff must have

suffered an injury-in-fact, which the U.S. Supreme Court has described as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560.

The RICO Act provides a private right of action for "[a]ny person injured in his business or property" to recover "threefold the damages he sustains" as a result of the violation. 18 U.S.C. § 1964(c). However, a plaintiff is not necessarily injured simply because the defendant violated RICO. *See Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 266 (1992). Standing for private individuals under RICO requires a plaintiff to have "been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex, Co.,* 473 U.S. 479, 496 (1985). "A plaintiff may not sue under RICO unless he can show *concrete* financial loss." *See, e.g.,* *Patterson v. Mobil Oil Corp.,* 335 F.3d 476, 492 n.16 (5th Cir. 2003).

A facial challenge to the Complaint questions its sufficiency, and "requires the court to determine whether the complaint contains sufficient jurisdictional facts to state a claim which is 'plausible on its face' and raises a right to relief 'above the speculative level.' " *Bushnell, Inc. v. Brunton Co.,* 659 F. Supp. 2d 1150, 1157 (D. Kan. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554 , 555–56 (2007)). This Rule 12(b)(1) facial attack is subject to the same *Twombly/Iqbal* plausibility standards. *Id.*

B. Analysis

Robinson argues this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because he asserts a claim under the RICO Act, 18 U.S.C. § 1961 *et seq.* Robinson asserts that this court has supplemental jurisdiction over his state law claims under 28

4

U.S.C. § 1367. Tucker challenges Robinson's Article III standing, arguing that he has not pled an injury-in-fact.

In his Complaint, Robinson alleges that he obtained a payday loan of $300 on September 24, 2010, from Scott Tucker through www.unitedcashloans.com. Robinson then states that the loan required him to repay $390 on October 15, 2010, at an annual percentage rate of 608.33%. Tucker argues that the Complaint is devoid of any claim that Robinson paid back the interest, which would be his injury-in-fact.

In his Complaint, Robinson states that "Plaintiff was aggrieved and suffered damages" and "Plaintiff was aggrieved and has suffered an ascertainable loss of his loan amount, interest charges, finance charges, costs of suit, and attorney's fees." (Dkt. 1, ¶ 96 & 117). These are general legal conclusions that are insufficient to plead injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The only factual allegation of damage in the Complaint is simply that the loan charged him a high interest rate. Robinson never claims to have paid the loan or the high interest rate back to Tucker. Further, Robinson never alleges that Tucker harmed his credit score or attempted to collect on the loan. In short, Robinson has failed to plead that Tucker's alleged RICO violation resulted in a concrete and particularized injury to Robinson's business or property. *See Patterson*, 335 F.3d at 492 n.16.

In failing to properly plead the requisite injury-in-fact under the RICO Act, Robinson has no standing. As a result, this court has no original jurisdiction over the federal claim. Further, this court declines to exercise supplemental jurisdiction over Robinson's remaining state law claims. *See Pierce*, 167 Fed. Appx. at 39.

**III. Conclusion**

After finding no original jurisdiction over the RICO claims, the court need not analyze Tucker's remaining arguments under 12(b)(6), Rule 19, and Rule 9.

IT IS THEREFORE ORDERED this 13th day of November, 2012, that the defendant's Motion to Dismiss (Dkt. 10) is granted, and the case is dismissed without prejudice.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE